**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DALE SHEPHERD,<br><br>        Defendant. | No. 1:14-cr-00193-JLT-SKO<br><br>ORDER DENYING REQUEST FOR COURT RECOMMENDATION RE RESIDENTIAL REENTRY CENTER PLACEMENT<br><br>(Doc. 60) |

Pending before the Court is Ralph Dale Shepherd's request for a judicial recommendation that he be given a 12-month placement in a residential re-entry center ("RRC") pursuant to the Second Chance Act of 2007 ("SCA"), Pub. L. No. 110-199 (2008). (Doc. 74.) Defendant asserts that the services available in an RRC program would help give him the best chance to succeed when he re-enters society. (*See id.*) For the reasons set forth below, the request is **DENIED**.

**BACKGROUND**

On September 4, 2014, Defendant was indicted in this case for receipt or distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2) (Count One) and possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two). (Doc. 1.) On February 10, 2016, pursuant to the parties' plea agreement, Defendant entered a plea of guilty to Count Two of the indictment. (Docs. 45 at

1

2; 46.) The presentence report prepared in Defendant's case summarized his offense conduct, reporting that law enforcement learned in December 2013 that someone was uploading child pornography to a particular Google account. (Doc. 51 (Presentence Report) at 4.) At that time, Defendant was already on parole for a 2010 sex offense conviction involving the molestation of a child. (*Id.*) After law enforcement identified that the IP address used to upload the child pornography was owned by Defendant's deceased wife, agents conducted a parole search of Defendant's residence, which revealed that his cell phone contained over 300 files of child pornography and erotica. (*Id.* at 5.) Following his guilty plea, it was determined that under the U.S. Sentencing Guidelines defendant Shepherd's adjusted offense level was 32 and his criminal history placed him in category III, resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 151 and 188 months. (*Id.* at 15.) The U.S. Probation Office recommended a sentence of 151 months. (*Id.*) On May 16, 2016, the Court sentenced Defendant to 151 months in prison, a 180-month term of supervised release to follow, and to pay the mandatory special assessment of $100. (Docs. 54; 55 at 2–6.)

Defendant is currently serving his sentence at the U.S. Bureau of Prisons' ("BOP") Federal Medical Center in Fort Worth Texas 76119. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 19, 2023.) Defendant's projected release date is June 2, 2025. *Id.* On October 23, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 60), which was denied on December 28, 2020 (Doc. 73). On December 18, 2023, Defendant filed the instant request for a recommendation to a 12-month RCC placement. (Doc. 74.)

## LEGAL STANDARD

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence"); *see also United States v. Ashe*, 2015 WL 3820963, at *2 (D. Or. June 17, 2015) (noting that the BOP, not the court, has authority to designate a prisoner's

placement).

Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in an RRC and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoners imprisonment" generally upon consideration of numerous factors, including:

> (4) any statement by the court that imposed the sentence—
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate.

*Id*. Section 3624(c)(1), as amended by the SCA, directs the BOP "to the extent practicable, [to] ensure that a prisoner . . . spends a portion of the final months of that term [of imprisonment] (not to exceed 12 months)" in an appropriate setting to "prepare for the reentry of that prisoner into the community." An appropriate placement may include an RRC or "home confinement." 18 U.S.C. § 3624(c)(2). The SCA also requires the BOP to issue regulations designed to ensure that RRC placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

The Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f)." *Tapia v. United States*, 564 U.S. 319, 331 (2011). The sentencing judge can make a judicial recommendation to the BOP to place an inmate in a particular facility or program, but ultimately "decisionmaking authority rests with the BOP." *Id.*

More specifically, a sentencing court may recommend that a prisoner serve a term of imprisonment in an RRC, 18 U.S.C. § 3621(b), and may entertain a request for such a recommendation made well after judgment is entered. *See United States v. Hollis*, No. 1:08-CR-00276-DAD-1, 2021 WL 4461687, at *1 (E.D. Cal. Sept. 29, 2021). However, a judicial

3

recommendation is only one factor that the BOP considers in determining a prisoner's placement and has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b). A district court's decision whether to make a recommendation to the BOP is discretionary. *Ceballos*, 671 F.3d at 856 n.2 (holding that district court's recommendation to BOP is non-binding and non-appealable but noting that this conclusion "does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time").

Courts have granted requests for RRC placement recommendations "when the motion included significant information about the prisoner's activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison," *Hollis*, 2021 WL 4461687, at *3 (quoting *United States v. Perry*, No. 13-CR-00049 (TLN), 2017 WL 1534275, at *2 (E.D. Cal. Apr. 28, 2017) (noting numerous district court decisions either granting or denying a defendant's request for a judicial recommendation for placement in an RRC)). Those courts that have declined to issue a judicial recommendation for RRC placement reason that BOP is generally in a better position to determine whether such placement is appropriate. *See Perry*, 2017 WL 1534275, at *2.

The Court acknowledges Defendant's efforts at rehabilitation thus far (*see* Doc. 60-1 (Declaration of Assistant Federal Defender Jaya Gupta) ¶ 8 (indicating that "[w]hile in custody, Mr. Shepherd has been a productive member of the prison community, working in UNICOR, and taking courses in welding, quality assurance, ACE classes and other programming. Mr. Shepherd has also not incurred any disciplinary infractions [through October 2020].")) and that he has demonstrated a desire to improve his prospects of successfully reintegrating into society[1] (*see generally* Doc. 74). Nonetheless, the Court believes the present record does not warrant a judicial recommendation regarding RRC placement. As the previously assigned judge indicated in the order denying Defendant's request for compassionate release:

> Defendant Shepherd's offense conduct in this case was very troubling. Law enforcement discovered over 300 images of child

---

[1] The Court suspects that part of Defendant's motivation includes a desire to leave prison.

> pornography and erotica on his cell phone. (Doc. 51 at 4.) As the presentence report in his case noted, "the bulk of the images featured sexually explicit photos of minor females, ranging from infancy to approximately 6 years of age. Some of the images depicted material portraying sadistic or masochistic conduct or other depictions of violence." (*Id.* at 5.) Additionally, in 2009, defendant was convicted in state court for engaging in lewd or lascivious acts with a child under the age of 14 for which he was sentenced to three years in state prison. (*Id.* at 8.) In that prior case, the victim was the defendant's granddaughter, who he had legal guardianship over at the time of the offense conduct. (*Id.*) Defendant's conduct in that case, which the court will not summarize here, was also extremely troubling. (*See id.* at 8–9.)

(Doc. 73 at 12.) Considering these circumstances, BOP is in the best position to evaluate Defendant's current situation and make an appropriate determination as to RRC placement. The Court will defer to BOP's determination in this matter.

IT IS SO ORDERED.

Dated: __December 21, 2023__                          *Jennifer L. Thurston*
                                                                          UNITED STATES DISTRICT JUDGE